"The jury sworn, find that John Hardiway died seized in fee of the premises in question, that he executed his will in due form of law, in these words: `In the name of God, I, John Hardiway, of the county of Brunswick, being in perfect sense and sound memory, do make this my last will and testament, revoking all others. My soul I commit to Christ, who redeemed it, my body to be decently buried, and for my estate that God has blessed me with, I give as follows, to wit, I give to my daughter Frances Caudel the following negroes: Little Tom, David, Burnett, Harry, Sue, Sterling, to her and her heirs forever. Item, I give to my son Marcus Hardiway the following negroes: Great Tom, Isabel, Sam, Little Hannah, Bob, Frank, to him and his heirs forever. Item, I give to my daughter Sarah Hardiway the following negroes: Nat, Lucy, Lydia, Jane, Sall, Senos, to her and her heirs forever. Item, *Page 42 
I give to daughter Nancy Hardiway the following negroes: Patty, Claris, Let, Little Peg, Old Hannah, Old Lewis. Item, I do also give to my son Marcus Hardiway, one horse, known by the name Dick, and one feather bed, and to my daughter Frances Caudel, the filly known by the name of Mark Anthony. Item, the rest of estate, negroes, stock, and house furniture to be equally divided between my wife, Mary Hardiway, and my son Hartnell Hardiway, and daughter Rebecca Hardiway. I likewise do appoint my son Marcus Hardiway and William Caudel my executors, whereunto I have set my hand and fixed my seal, this 9th day of December, in the fourth year of our Commonwealth.
JOHN HARDIWAY. [L. S.]
 Test: WILLIAM HARRISON. ROSE (her X mark) STEWART. JAMES OWEN.
That he died in the year 1779, leaving Marcus Hardiway, his (34) eldest son and heir at law, and one of his executors. That Marcus Hardiway died, having entered on the premises, that the plaintiff is lessor of the coheirs of said Marcus; they further find that the defendants are lessees of the widow, Mary Hardiway, since Mary Clark and her children, Hartnell Hardiway and Rebecca, in said will mentioned.
The introduction is material: nor that, independently of other circumstances, it is sufficient to change the construction of a devise, but as it assists to show the intention of the testator. Cowper, 299. The case of Turner v. Moore is so nearly alike in its circumstances, that it ought to govern the decision of the present; and with regard to the authority of *Page 43 
that case, there can be no doubt, as it was decided by Lord King, whose decree was affirmed by Lord Talbot. Cases temp. Talbot, 284. He also relied upon 2 Term Rep., 411; 6 Mod., 106; Salk., 236; 3 Mod., 45; 2 Vest., 564; 2 Peere Williams, 525; 2 Equ. C. A., 329; H. Bl. Rep., 223.
Moore for the lessors of the plaintiff, argued that the heir at law could not be disinherited without express words; that the generality of the word "estate" was limited by the subsequent word, which shows what the testator meant by using it. That residue must be of something which went before, but lands are nowhere mentioned in the will; he cited and relied upon 2 Eq. Cas. abridg., 328; 2 Sla. Ray., 1324.
ASHE, J., doubted.
Curia advisare vult.
The suit was afterwards taken out of Court.
NOTE. — See acc. Sutton v. Wood, post, 399; Foster v. Craige,22 N.C. 209. See, also, Tolar v. Tolar 10 N.C. 74;Clark v. Hyman, 12 N.C. 383.
(35)